UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JACKIE WRIGHT,<br><br>　　　　　　Plaintiff,<br>　v.<br>SUMNER REDSTONE, *et al*.<br><br>　　　　　　Defendants.<br>_____/ | No. C 09-00672 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Pending before the Court is Defendant San Francisco Television Station KBCW-TV's "Motion to Dismiss, and in the Alternative, Motion for Summary Judgment." (Dkt. #11.) Plaintiff Jackie Wright has filed an Opposition (Dkt. #24), to which Defendant filed a Reply (Dkt. #25). Additionally, on July 6, 2009, Plaintiff filed a document entitled "Forbearance of Court for Continuance," (Dkt. #22) which Plaintiff requests that the Court consider along with her Opposition. (*See* Dkt. #1 at 1.)[1] In addition, Defendant has filed a Request for Judicial Notice (Dkt. #12), and a Supplemental Request for Judicial Notice (Dkt. #27). On August 27, 2009, the Court held a hearing on Defendant's Motion. Prior to the hearing, the Court ordered Defendant to file a Supplemental Brief addressing certain questions, which Defendant filed on August 26, 2009, along with an additional Request for Judicial Notice (Dkt. ##33, 34). After carefully considering the parties' arguments and supporting legal authorities, the Court **GRANTS** Defendant's Motion to Dismiss.

---

[1] Defendant has also filed Objections to certain statements that Plaintiff made in her Opposition and July 6 Brief. (Dkt. #26). The Court overrules Defendant's objections without prejudice.

## I. BACKGROUND

On February 13, 2009, Plaintiff initiated this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, by filing an Employment Discrimination Complaint against several defendants, including her former employer, Defendant KBCW-TV.  (Dkt. #1.)  In her Complaint, she alleges that the defendants unlawfully discriminated against her based on her race, color, sex, and age by failing to promote her and terminating her employment.  (*Id*. at 2.)  Plaintiff also alleges that the defendants created a hostile work environment by "creating an atmosphere of institutional racism in programming and hiring practices."  (*Id*.)  According to Plaintiff, the alleged discrimination "culminated" on January 8, 2007, which was the date her employment was terminated.  (*Id*.)

Defendant KBCW-TV now moves to dismiss Plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Defendant requests that the Court convert the Motion to Dismiss into a motion for summary judgment.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted.  Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing

*Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### III. DISCUSSION

**A. Defendant's Requests for Judicial Notice**

As an initial matter, the Court must address Defendants' Requests for Judicial Notice (Dkt. ##12, 27, 34). In its initial Request, Defendant has submitted five documents, which Defendant contends were included in the Equal Employment Opportunity Commission's ("EEOC") certified file regarding Plaintiff's Charge of Discrimination. The Court has reviewed each of the documents and finds that Exhibits 2 through 5 are each matters of public record and records of administrative bodies, which the Court may properly take judicial notice of in the context of a 12(b)(6) motion. *See* Fed. R. Evid. 201(b); *M.G.I.C. Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court **GRANTS** Defendant's Request with respect to Exhibits 2 through 5. However, as discussed in greater detail below, because facts concerning Plaintiff's execution of an

employment separation agreement is unncessary to the resolution of Defendant's Motion, the Court **DENIES** Defendant's Request for Judicial Notice of Exhibit 1.  For the same reason, the Court **DENIES** Defendant's Supplemental Request for Judicial Notice and its Request for Judicial Notice in Response to the Court Request for Supplemental Briefing.

**B.     Defendant's Motion to Dismiss**

Defendant moves to dismiss Plaintiff's claim on two grounds.  First, Defendant argues that Plaintiff failed to timely exhaust her administrative remedies pursuant to 42 U.S.C. § 2000e-5(e)(1).  Second, Defendant contends that Plaintiff signed a separation agreement wherein she waived all claims against Defendant.  Because the Court finds Defendant's first argument dispositive, the Court turns to it first.

1.     <u>Failure to Timely Exhaust Administrative Remedies</u>

Defendant first urges the Court to dismiss Plaintiff's case on the ground that Plaintiff failed to timely file her Charge of Discrimination with the EEOC.

To establish subject matter jurisdiction over a Title VII claim, the plaintiff must have exhausted her administrative remedies by filing a timely charge with the EEOC and obtaining a right-to-sue letter.  *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004).  Normally, a plaintiff has 180 days from the date of the alleged discrimination to file a complaint with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1).  However, if a plaintiff initiates state administrative proceedings, the plaintiff then has 300 days from the date of the alleged discrimination or 30 days from the date of termination of the state proceedings, whichever is earlier, to file a charge with the EEOC.  *Id*.; *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 585 (9th Cir. 2000); *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1473 (9th Cir. 1989).  The 300-day period begins to run from the date the employee knew or should have known of the alleged discriminatory act.  *See Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980).  As the Supreme Court explained, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see Forester v.*

4

*Chertoff*, 500 F.3d 920, 930 (9th Cir. 2007).

In this case, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH") on November 8, 2007. (Dkt. #12, Ex. 1.) Thus, the 300/30 day deadlines set forth in 42 U.S.C. § 2000e-5(e)(1) control. In her DFEH complaint, Plaintiff indicated that on or about January 8, 2007, Defendant "laid [her] off because of [her] race (African American), color (Black), and age (54)[.]" (*Id*.) On November 9, 2007, DFEH sent Plaintiff a letter entitled "Notice of Case Closure," stating that the consultant assigned to handle her discrimination complaint had recommended that the case be closed on the basis of "[a]n Administrative Decision," and that the DFEH had accepted the recommendation and closed Plaintiff's case as of November 8, 2007. (Dkt. #12, Ex. 3.) The DFEH also informed Plaintiff that the letter constituted the DFEH's Right-to-Sue Notice. (*Id*.) Additionally, the letter contained the following statement:

> If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

(*Id*.)

Thereafter, on February 9, 2008, Plaintiff filed a charge of discrimination with the San Francisco office of the EEOC. (Dkt. #12, Ex. 4.) In her Charge, Plaintiff indicated that Defendant discriminated and retaliated against her based on her race, sex, age, and disability. (*Id*.) Although she indicated that the latest date the discrimination took place was on November 11, 2007, when describing the particulars of the alleged offending conduct, Plaintiff indicated that she was laid off from her position as Public Affairs Manager on January 8, 2007. (*Id*.)

On November 25, 2008, the EEOC issued a Dismissal and Notice of Rights letter to Plaintiff. (Dkt. #12, Ex. 5.) In the letter, the EEOC informed Plaintiff that it was closing its file on her charge because, "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (*Id*.) Plaintiff then initiated this lawsuit on February 13, 2009.

Based on the foregoing timeline, Defendant contends that Plaintiff is barred from pursuing her claims because she failed to timely file her EEOC Charge within 300 days after her termination, or within 30 days after DFEH issued its Right-To-Sue letter. Specifically, Defendant argues that, pursuant to 42 U.S.C. § 2000e-5(e)(1), Plaintiff's EEOC Charge should have been filed no later than November 3, 2007 - which is 300 days after January 8, 2007. Because Plaintiff's did not file her EEOC Charge until February 12, 2008, which is 397 days after her termination, and 92 days after DFEH issued its Dismissal and Right-to-Sue letter, Defendant asserts that Plaintiff failed to satisfy the filing deadlines set forth in 42 U.S.C. § 2000e-5(e)(1), subjecting her case to dismissal.

In her Opposition, Plaintiff does not raise any dispute with respect to the date she filed her DFEH Complaint or her EEOC Charge. Plaintiff does, however, assert that, "working within the arcane rules and limiting time frames of California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission is tantamount to not being given due process on issues that are life altering." (Opp. at 3.) Plaintiff also contends that, "[t]he way the [EEOC] and agencies like [DFEH] are designed grievous errors go unchecked because of the limiting hoops, timelines and procedures for people who have no experience dealing with such constraints as they fight for their livelihood." (Opp. at 5.) As indicated above, courts have recognized certain equitable defenses to dismissal based on a late-filed EEOC claim, including waiver, estoppel, and equitable tolling. *See Diefenderfer v. Peters*, No. C08-958Z, 2009 WL 1884419, at \*5 (W.D. Wash. June 29, 2009). The Court has considered Plaintiff's arguments, and finds that they are insufficient to establish any of these defenses. While Plaintiff alludes to the fact that she was unfamiliar with the EEOC filing deadline, Plaintiff does not indicate that she acted with reasonable diligence to research the regulations and limitations periods associated with filing discrimination claims. Additionally, Plaintiff has not argued that Defendant took any action to prevent her from timely filing her EEOC Charge. Plaintiff, therefore, has failed to establish any basis for this Court to excuse her failure to file her EEOC Charge by the 300 day deadline.[2]

---

[2] The Court also notes that, while in some cases a complainant's filing with the California DFEH may amount to a constructive filing with the EEOC pursuant to the agencies' worksharing

2. Plaintiff's Signing of the Separation Agreement

Defendant also moves to dismiss based on a separation agreement Plaintiff executed, which Defendant contends contained a valid release of any claims Plaintiff may have against it. Because the Court finds the foregoing exhaustion of administrative remedies issue dipositive, the Court declines to reach this argument.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #11.)

**IT IS SO ORDERED.**

Dated: September 2, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

agreement, that did not happen in this case. *See Dinuba Med. Clinic*, 222 F.3d at 585; *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999); *Green.*, 883 F.2d at1476. Particularly, Plaintiff's DFEH Complaint only bears a DFEH filing number, and was not assigned a corresponding EEOC filing number. (*See* Dkt. #12, Ex. 2.) Additionally, the EEOC determined that Plaintiff's Charge was untimely, also demonstrating that the agencies did not treat Plaintiff's DFEH Complaint as being subject to the worksharing agreement. (*See* Dkt. #12, Ex. 5.) Further, as Defendant points out, Plaintiff filed her Complaint with the DFEH more than 300 days after her January 8, 2007 termination. Thus, even if constructive filing applied in this case, Plaintiff's filing would still be considered untimely.